UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GRIGSBY,<br><br>    Plaintiff,<br><br>    v.<br><br>M. MUNGUIA, et al.,<br><br>    Defendants. | No.  2:14-cv-0789 GEB AC P<br><br><br>ORDER |

  Plaintiff, a state prisoner proceeding pro se, has filed a motion entitled "motion for cop[ie]s and access to SVSP Law Library." ECF No. 12.  In his motion, plaintiff seeks a court order for access to any copy machine and expedited access to copies and case law.  Plaintiff requests that the court issue an order granting him "Priority Legal User" status.

  Plaintiff does not allege that he is under a present obligation to submit documents within a time certain and thus has not demonstrated that his right of access to the courts is being impaired.  In fact, plaintiff has just made a timely submission of the documents needed for the court to order service of his complaint upon the defendants.  See ECF No. 11.  In these circumstances, the court will not issue an order merely for the purpose of insuring plaintiff additional library time or greater access to have copies made.

  Plaintiff also requests appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983

1

cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Plaintiff has been able to frame colorable allegations on his own and the legal issues appear to be relatively straightforward. In the present case, the court does not find the required exceptional circumstances and the request for counsel will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for a court order for greater access to copy machines and case law (ECF No. 12) and for the appointment of counsel (ECF No. 13) are denied.

DATED: September 29, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2