1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JONATHAN GRIGSBY,                            No.  2:14-cv-0789 GEB AC

12                  Plaintiff,

13          v.                                    ORDER

14   M. MUNGUIA, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action filed

18   pursuant to 42 U.S.C. § 1983.  The complaint alleges that defendants Munguia, Serrano, Lee,

19   Balque, and Baker used excessive force against plaintiff in violation of plaintiff's Eighth

20   Amendment rights.  ECF No. 1.  Pending before the court are: (1) plaintiff's motion for default

21   judgment, ECF No. 26; (2) plaintiff's motion to compel, ECF No. 27; (3) plaintiff's request for

22   production of documents, ECF No. 35; (4) plaintiff's motion and/or clarification regarding

23   request for production of documents, ECF No. 37; (5) plaintiff's motion for a discovery

24   conference, ECF No. 38; and (6) plaintiff's motion to appoint counsel, ECF No. 34.

25          I.      Motion for Default Judgment

26          On December 15, 2014, plaintiff filed a motion entitled "Motion for Summary Judgment

27   Default."  ECF No. 26.  Upon reviewing plaintiff's motion, the court finds that the motion is in

28   content a motion for a default judgment rather than summary judgment, and will therefore

1

1   analyze it pursuant to the rules governing default judgments.[1]  Default may be entered by the

2   clerk when a defendant fails to plead or otherwise defend.  Fed. R. Civ. P. 55(a).  However, a

3   defendant's default does not automatically entitle the plaintiff to a court-ordered judgment.

4   Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986).  Default judgments are ordinarily

5   disfavored, but may be granted in the court's discretion under certain circumstances not present

6   here.  See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The undersigned need not

7   consider the Eitel factors because there has been no default.  The procedural history of the case

8   demonstrates that no defendant has failed to defend.

9        Plaintiff argues that he is entitled to a default judgment because defendants failed to

10   respond to his complaint within sixty days of the court's September 29, 2014 order.[2]  Plaintiff's

11   argument is based on his assumption that the court's order, ECF No. 14, required defendants to

12   respond to the complaint within sixty days of the date of the order.  ECF No. 26.  However, the

13   court's September 29, 2014 order merely required defendants to respond to the complaint within

14   the time period provided by Rule 12(a) of the Federal Rules of Civil Procedure.  ECF No. 14 at 2.

15   Rule 12 provides, in relevant part, that where a defendant has waived service under Rule 4(d), a

16   responsive pleading is due within sixty days after the request for the waiver of service of

17   summons was sent.  Fed. R. Civ. P. 12(a).  In this case, the requests for waiver were sent on

18   October 7, 2014, and executed waivers were returned on behalf of all defendants on December 1,

19   2014.  The waivers indicate that defendants were to file an answer or Rule 12 motion within sixty

20   days of October 7, 2014.  ECF No. 19.  Defendants' answer was timely filed on December 8,

21   2014.  ECF No. 21.

22        In defendants' opposition to plaintiff's motion, defendants explain that the source of

23   plaintiff's confusion lies with the service of the answer.  ECF No. 28.  Defendants served their

24   December 8, 2014 answer on plaintiff at Salinas Valley State Prison.  See ECF No. 21 at 7.

25   However, plaintiff was transferred out of Salinas Valley State Prison on November 3, 2014.  ECF

26   _____

27   [1]  Defendants request that plaintiff's motion be stricken for failure to comply with the rules
governing summary judgment motions.  Defendants' request is denied.
[2]  While plaintiff refers to ECF No. 14 as the "September 29, 2014 order," the court notes that the
28   order was filed on September 30, 2014.

No. 28 at 2.  Thus, when plaintiff filed his motion for default judgment on December 15, 2014,[3] he had apparently not yet received service of the answer at his new address.[4]  Defendants indicate in their opposition that plaintiff was sent another copy of the answer on January 5, 2015.

Because defendants timely answered the complaint, there is no basis for finding that any of the defendants are in default.  Furthermore, any problems with service have been resolved.  Accordingly, plaintiff's motion for a default judgment is denied.

II.     Plaintiff's Discovery Motions

Plaintiff filed a motion to compel, a request for production of documents, a motion and/or clarification regarding the request for production of documents, and a motion for a discovery conference.  As a preliminary matter, plaintiff is informed that court permission is not necessary for discovery requests and that neither discovery requests served on an opposing party nor that party's responses should be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure.  Discovery requests between the parties shall not be filed with the court unless, and until, they are at issue.

In this case, the discovery and scheduling order provides that the parties may conduct discovery until April 17, 2015.  ECF No. 25 at 5.  The order specifies that with respect to written discovery requests, the parties have forty-five days after the request is served to respond to the request.  Id. at 4.  With these timelines in mind, the court turns now to plaintiff's discovery motions.

A.  Motion to Compel

On December 22, 2014,[5] plaintiff filed a motion to compel seeking a response to a letter plaintiff sent to defendants on December 8, 2014, as well as a response to his complaint.  ECF No. 27.  For the reasons discussed above, plaintiff's request for a response to his complaint is denied as moot.

---

[3]  The proof of service attached to plaintiff's motion is dated December 15, 2014.  The motion was filed by the clerk on December 17, 2014.  ECF No. 26.

[4]  The court notes that plaintiff filed a notice of change of address with the court on November 5, 2014 and November 13, 2014.  ECF No. 17, 18.

[5]  Plaintiff's motion was filed by the clerk on December 29, 2014.  ECF No. 27.

3

1         With respect to plaintiff's request for a response to his letter, plaintiff explains that he

2 received a letter from defense counsel Harper stating that she represents "Fairbanks, Lee, Mungia,

3 Serrano, and Baker." ECF No. 27. Because plaintiff did not name Fairbanks in his lawsuit, he

4 sent a letter to defense counsel on December 8, 2014 requesting clarification as to whether

5 Fairbanks is actually defendant Balque. On January 12, 2015, defendants filed an opposition to

6 plaintiff's motion, explaining that defendant Balque's name had been legally changed to

7 Fairbanks and that plaintiff was mailed a letter with this information on December 12, 2014 and

8 again on January 5, 2015. ECF No. 31 at 2. Because plaintiff has already received the requested

9 information, plaintiff's motion is denied as moot.

10                           B. Request for Production of Documents

11         On February 9, 2015, plaintiff filed a request for production of documents with the court.[6]

12 ECF No. 35. Plaintiff is reminded that requests for production of documents must first be served

13 on the opposing party and are not to be filed with the court unless a dispute has arisen. At the

14 time plaintiff filed this request, defendants' forty-five day period for responding to the request

15 had not yet expired. Accordingly, to the extent plaintiff's motion could be construed as a motion

16 to compel production of documents, the motion is denied as premature. Moreover, defendants

17 have indicated in their statement of clarification that they will respond to plaintiff's request

18 pursuant to the timeline set forth in the discovery and scheduling order. See ECF No. 36.

19            C. Motion and/or Clarification Regarding Production of Documents

20         On March 5, 2015, plaintiff filed a document entitled "Motion Clarification [*sic*]

21 Regarding Production of Documents." ECF No. 37. Plaintiff states that on February 27, 2015

22 and March 3, 2015 he requested certain documents from defendants. To the extent that this

23 motion seeks to compel production of these documents, it is denied as premature because it was

24 filed before the forty-five day period for responding had expired. Defendants have indicated that

25 they are in the process of responding to plaintiff's discovery requests. ECF No. 39.

26

27       [6] This document was filed by the clerk on February 17, 2015. ECF No. 35. The court notes that
the docket refers to this document as a motion to compel, and that defendants filed a statement

28 clarifying that it is a request for production of documents, ECF No. 36.

1    D.  <u>Motion for a Discovery Conference</u>

2    On March 17, 2015, plaintiff filed a document entitled "Motion for Rule 26(f) Meeting."

3    ECF No. 38.  Plaintiff states that he and defendants have not had a meeting and that he has not

4    heard from defendants regarding a settlement.  Defendants responded to plaintiff's motion,

5    explaining that the parties in this case are not required to have a discovery conference or

6    formulate a discovery plan, and suggesting that plaintiff write a letter to Deputy Attorney General

7    Harper should he wish to confer regarding defendants' discovery responses.  ECF No. 39 at 2.

8    Defendants are correct that no discovery meeting is required in this prisoner civil rights

9    action.  <u>See</u> Fed. R. Civ. P. 26(a)(1)(B)(vi), (f)(1).  Accordingly, to the extent plaintiff seeks a

10   court-ordered discovery meeting, the motion is denied.  However, plaintiff is encouraged to

11   correspond with Deputy Attorney General Harper regarding defendants' responses to plaintiff's

12   discovery requests.

13   III.    <u>Motion for Appointment of Counsel</u>

14   Plaintiff also requests appointment of counsel.  ECF No. 34.  The United States Supreme

15   Court has ruled that district courts lack authority to require counsel to represent indigent prisoners

16   in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain

17   exceptional circumstances, the district court may request the voluntary assistance of counsel

18   pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991);

19   <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

20   The test for exceptional circumstances requires the court to evaluate the plaintiff's

21   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

22   light of the complexity of the legal issues involved.  <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th

23   Cir. 2009) (district court did not abuse discretion in declining to appoint counsel); <u>Wilborn v.</u>

24   <u>Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir.

25   1983).  In the present case, the court does not find the required exceptional circumstances.

26   Plaintiff has been able to articulate his requests for discovery and the legal issues appear to be

27   relatively straightforward.  Plaintiff's request for the appointment of counsel will therefore be

28   denied.

1    Accordingly, IT IS HEREBY ORDERED that:

2        1.   Plaintiff's motion for a default judgment (ECF No. 26) is denied;

3        2.   Plaintiff's motion to compel (ECF No. 27) is denied;

4        3.   Plaintiff's request for production of documents (ECF No. 35) is denied;

5        4.   Plaintiff's motion and/or clarification regarding production of documents (ECF No.

6             37) is denied;

7        5.   Plaintiff's motion for a discovery conference (ECF No. 38) is denied; and

8        6.   Plaintiff's motion for appointment of counsel (ECF No. 34) is denied.

9    DATED: April 13, 2015

10

11   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28