UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GRIGSBY,<br><br>    Plaintiff,<br><br>v.<br><br>M. MUNGUIA, et al.,<br><br>    Defendants. | No. 2:14-cv-0789 GEB AC<br><br><br>ORDER |

I.      Background

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. The complaint alleges that defendants Munguia, Serrano, Lee, Balque,[1] and Baker used excessive force against plaintiff in violation of plaintiff's Eighth Amendment rights. ECF No. 1.

On December 16, 2015, the court issued a discovery and scheduling order which allowed the parties forty-five days to respond to written discovery requests and required that discovery requests be served not later than sixty days prior the April 17, 2015 discovery deadline. ECF No. 25. Between December 2014 and March 2015, plaintiff filed four discovery-related motions,

---

[1] Defendant Balque's name has been legally changed to Fairbanks. See ECF No. 40.

1

1  which were denied by order dated April 14, 2015.  ECF No. 40.  These motions were denied in
2  part on mootness grounds and in part because several of the motions were filed prematurely.
3        On March 26, 2015,[2] plaintiff filed a motion to extend the discovery deadline.  ECF No.
4  41.  On or about April 14, 2015,[3] plaintiff filed a motion to compel discovery.  ECF No. 42.
5  These two motions are presently before the court.  Defendants have opposed both motions.  ECF
6  No. 43, 44.
7      II.      Plaintiff's Motion to Compel Discovery (ECF No. 42)
8        Plaintiff filed a timely motion to compel production of (1) a video of plaintiff's October
9  10, 2012 "excessive force interview," (2) a video of plaintiff's interview with Lieutenant Hobart,
10  conducted in November or December 2012, and (3) Lt. Hobart's incident report.  ECF No. 42.
11  Plaintiff asserts that he "repeatedly requested" these items from defendants but his requests were
12  ignored.  Defendants opposed the motion on May 5, 2015.  ECF No. 44.
13        A.  Legal Standards Common to All Discovery
14        Parties may obtain discovery regarding any nonprivileged matter that is relevant to any
15  party's claim or defense and, for good cause, the court may order discovery of any matter relevant
16  to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1).  Relevant information need
17  not itself be admissible at trial provided the discovery appears reasonably calculated to lead to the
18  discovery of admissible evidence.  Id.
19        Generally, if the responding party objects to a discovery request, the party moving to
20  compel bears the burden of demonstrating why the objections are not justified.  See e.g., Grabek
21  v. Dickinson, 2012 WL 113799, *1 (E.D. Cal. 2012); Womack v. Virga, 2011 WL 6703958, *3
22  (E.D. Cal. 2011).  This requires the moving party to inform the Court which discovery requests
23  are the subject of the motion to compel, and, for each disputed response, why the information
24  sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012

---

25  [2] The prison mailbox rule will be used in determining plaintiff's filing dates since his filings have
26  all been submitted pro se.  See Houston v. Lack, 487 U.S. 266 (1988).  Here, the proof of service is dated March 26, 2015.  ECF No. 1 at 2.  The motion was filed by the clerk on April 20, 2015.
27  [3] It is not clear whether the date handwritten on the proof of service is April 14, 2015 or April 15, 2015.  See ECF No. 42 at 3.  This motion was also filed by the clerk on April 20, 2015.  ECF No.
28  42.

2

1  WL 113799 at *1; Womack, 2011 WL 6703958 at *3.

2  The court is vested with broad discretion to manage discovery, Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Survivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) and, where the discovery request seeks information which, based on the record, is clearly within the scope of discovery and the objection lacks merit, the court may elect to exercise its discretion to reach the merits of the dispute. See e.g., Marti v. Baires, 2012 WL 2029720, *3 (E.D. Cal. 2012); Williams v. Adams, 2009 WL 1220311, *1 (E.D. Cal. 2009). The court must limit discovery if the burden of producing it outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). "In each instance, the determination whether ... information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's Note (2000 Amendment), Gap Report re. Subdivision (b)(1).

  B. Analysis

    i. DVD of October 10, 2012 Interview

Plaintiff moves to compel defendants to produce a DVD recording of his "excessive use of force interview" conducted on October 10, 2012. ECF No. 42 at 2. Defendants oppose the motion on the grounds that the requested recording has already been made available to plaintiff. ECF No. 44 at 2.

Defendants explain that there are two discovery requests on which plaintiff's motion to compel production of the DVD of the October 10, 2012 interview might be based.[4] ECF No. 44 at 2. The first, which defendants responded to on April 8, 2015, reads as follows:

> **RFP No. 1, Set Three:** On October 10, 2012 Donald Matthews Lt. did video of me right after excessive use force incident. I want a copy for viewing as evidence.
>
> **Response:** Defendants object to this request because for safety and security reasons Plaintiff is not allowed to possess a dvd in his cell. Inmates housed in the California Department of Corrections and Rehabilitation are limited in the personal items that they can maintain in their cell. Plaintiff is housed at Kern Valley State Prison, a level 4 facility, in the general population and is only

---

[4] Plaintiff does not specify which request forms the basis of his motion. See ECF No. 42.

3

> allowed to possess items that are authorized under the Authorized Personal Property Schedule. Cal. Code Regs. tit. 15, § 3190(b)(4)(D). Although factory recorded compact discs are allowed, inmates are not allowed to possess dvds. Cal. Dept. of Corr. Rehabil. Operations Manual § 54030.19.5.
>
> A copy of the October 10, 2012 interview will be provided to the litigation coordinator's office at Kern Valley State Prison. The litigation coordinator's office will arrange for Plaintiff to have an opportunity to view the video upon his request.

Id.

Defendants explain that in the alternative, plaintiff's motion may be based on the following discovery request, dated February 27, 2012:

> **RFP No. 1**: On October 10, 2012 a video tape was made and put in evidence locker E. Baker sergeant has accesse to that video tape I want a copy sent to me.
>
> **Response:** Respondent Objects to as the request is untimely. The December 16, 2014 Discovery and Scheduling Order allows: "[t]he parties may conduct discovery until April 17, 2015," but clarifies that "all requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than sixty days prior to that date." (CD 25, Discovery and Scheduling Order at 5). In order for this request to be timely, the request must have been served on February 16, 2015, sixty days before April 17, 2005. As such, this request mailed on March 3, 2015, is untimely.
>
> Defendants have already responded to Plaintiff's Request for Production of Documents, Set Three on April 8, 2015, wherein Plaintiff requested a copy of the video. A copy of the response is attached. A copy of the October 10, 2012 interview has been provided to the litigation coordinator's office at Kern Valley Prison. The litigation coordinator's office will arrange for Plaintiff to have an opportunity to view the video.[5]

ECF No. 44 at 3.

In their opposition to plaintiff's motion to compel, defendants include as exhibits the declaration of B. Hancock, the litigation coordinator at Kern Valley State Prison ("KVSP") where plaintiff is housed, as well as a copy of the April 9, 2015 letter sent to Hancock from the Attorney General's office, requesting that plaintiff be permitted to view the DVD of the October 10, 2012 interview and that the DVD be maintained on file for plaintiff's "possibl[e] use in the future."

---

[5] Defendants do not indicate the date on which they responded to plaintiff's production request and do not include a copy of the proof service.

4

1  See ECF No. 44-1 at 5, 7-8.  Defendants also include an "acknowledgement of viewing" signed
2  by plaintiff, confirming that plaintiff was given the opportunity to view the DVD on May 5, 2015.
3  See id. at 10.  Because plaintiff has now viewed the October 10, 2012 DVD and it is being kept
4  on file in the KVSP litigation office for future viewing, plaintiff's motion to compel production of
5  this DVD is moot and will be denied.[6]

6                      ii.  DVD of Lt. Hobart Interview

7         Plaintiff asserts that he was interviewed in November or December 2012 by Lieutenant
8  Hobart and that a video recording of this interview was made.  See ECF No 42 at 2.  Plaintiff
9  seeks to compel production of a copy of the "Lt. Hobart interview," which he asserts is relevant
10 because it shows the injuries he suffered as a result of defendants' alleged use of excessive force
11 against him.  Id. at 1-2.

12        Defendants oppose plaintiff's motion on the grounds that plaintiff failed to establish that
13 he made a production request for this recording.[7]  ECF No. 44 at 3.  However, defendants
14 acknowledge that plaintiff served them with discovery requests which included a request for the
15 Lt. Hobart video.  Id. at 3-4.  According to defendants, plaintiff served them with the following
16 production request, dated December 2, 2014:

17              Pursuant to Rule 34 of the Federal Rules of Civil Procedure,
18              Plaintiff request[s] that Lt. Hobart produce for inspection and copying the following documents:

19              Staff complaint #SAC - S – 12 – 03537 Second level and First level
20              documents used to deny my complaint.

21              Also video interview done in video showing my injurys by Lt.
             Hobart who video tape of me.

22 ECF No. 44-1 at 15.[8]  Defendants explain that they did not respond to this request because it was
23 addressed to Hobart, who is not a party to this lawsuit and is not represented by defense counsel.
24 Instead, when defendants received the request for the Lt. Hobart video, defense counsel sent

---

25 [6] The court does not reach defendants' argument that plaintiff's request for production of the
26 October 10, 2012 video was untimely.
[7] In a footnote, defendants add that "[r]egardless, a search was conducted and Defendants are not
27 in possession or have control of a second dvd."  ECF No. 44 at 5 n.4.
[8] A copy of plaintiff's production request dated December 2, 2012 and addressed to Lt. Hobart is
28 attached as an exhibit to defendants' opposition.  See ECF No. 44-1 at 15.

1  plaintiff a letter stating that she would not respond to his request because it was addressed to a

2  non-party whom she did not represent.[9]  Id.; ECF No. 44-1 at 17.

3  In considering the relative positions of the parties, the court is mindful that "[u]nder the liberal discovery principles of the Federal Rules[,] defendants [are] required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975).  In addition, pro se litigants are not held to the same standards as attorneys.  See Walker v. Karela, 2009 WL 3075575, *1 (E.D.Cal.2009).  The court takes care to "liberally construe the inartful pleading of pro se litigants," Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.1992) (quotations omitted), and "to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements," Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988).

12  It is apparent from defendants' opposition papers and subsequent search for a second DVD that plaintiff's initial request for the "Lt. Hobart video" was not ambiguous.  Defendants understood what plaintiff was attempting to do when he served them with discovery requesting that Lt. Hobart produce a copy of the video interview.  The court will not permit plaintiff, a prisoner proceeding pro se, to lose his opportunity to be heard due to his ignorance of technical procedural requirements.  Accordingly, the court will not use plaintiff's failure to correctly label the timely and unambiguous discovery request he served on defendants as grounds to deny his motion to compel.

20  The court now turns to the merits of plaintiff's motion to compel production of the Lt. Hobart video.  See Marti v. Baires, 2012 WL 2029720, *3 (where the discovery request seeks information which, based on the record, is clearly within the scope of discovery and the objection lacks merit, the court may elect to exercise its discretion to reach the merits of the dispute). Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and, for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Fed. R.

---

[9] Defendants also assert that plaintiff's motion to compel should be denied because his Rule 34 request cannot be used to obtain production from a non-party.  ECF No. 44 at 4.

1    Civ. P. 26(b)(1).  Here, plaintiff alleged in his motion that the video is relevant to his excessive
2    use of force claim because it shows the injuries he sustained from defendants' alleged use of force
3    against him.  Plaintiff further asserts that in the video, he is being interviewed by Hobart about his
4    excessive use of force claim, which is the subject of this lawsuit.  ECF No. 42.  Accordingly, the
5    court finds that the video is relevant to plaintiff's claim and is discoverable.  See Fed. R. Civ. P.
6    26(b)(1).  To the extent defendants have possession, custody, or control of the Lt. Hobart video,
7    they must make this video available to plaintiff.  See Fed. R. Civ. P. 34.

8    Defendants state in their opposition that "a search was conducted and Defendants are not
9    in possession or have control of a second dvd."  ECF No. 44 at 5 n.4.  Pursuant to Rule 34(a),
10   documents sought in discovery motions must be within the "possession, custody, or control" of
11   the party upon whom the request is served.  Fed. R. Civ. P. (34)(a).  "A party need not have actual
12   possession of the documents to be deemed in control of them . . . A party that has a legal right to
13   obtain certain documents is deemed to have control over the documents."  Branch v. Umphenour,
14   No. 1:08-CV-01655-AWI, 2014 WL 3891813, at *8 (E.D. Cal. Aug. 7, 2014) (internal citations
15   and quotations omitted).

16   It is unclear whether defendants' position is that the Lt. Hobart video does not exist, or if
17   they mean to assert that they are unable to obtain a copy of it.  To the extent defendants claim that
18   they are unable to obtain the DVD, the court recognizes that while the named defendants are all
19   correctional officers employed by CDCR, CDCR itself is not named as a defendant in this action.
20   However, the court does not anticipate that this will affect defendants' ability to acquire the
21   video; individual defendants who are employed by CDCR can generally obtain documents from
22   CDCR by requesting them.  See Branch, 2014 WL 3891813, at *8.  If defendants can obtain the
23   Lt. Hobart video by requesting it from CDCR, then defendants have constructive control over the
24   video and must produce it to plaintiff.  See id. (finding defendant CDCR employees in
25   constructive control of documents they could obtain from CDCR by request); Mitchell v. Adams,
26   No. S-06-2321 GEB GGH, 2009 WL 674348, * 9 (E.D. Cal. Mar.6, 2009) (defendant warden
27   sued in his individual capacity had constructive control over requested documents because he had
28   authority to obtain the documents from third party CDCR).  If defendants' position is that they are

7

truly unable to obtain a copy of the video from CDCR, they must provide factual support for their assertion that, in spite of their relationship with CDCR, they do not have custody or control of the video.  See Branch, 2014 WL 3891813, at *8.

On the other hand, if defendants' position is that they cannot find the video, they must do more than merely assert that a search was conducted and they do not have possession or control of the video.  Rather, they must provide enough information to allow the court to determine that their search for the DVD was sufficiently diligent.  See Rogers v. Giurbino, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (internal citations omitted) (requiring defendant to briefly describe her search in order to allow the court to determine whether the search was reasonable).

In sum, to the extent that defendants have custody, possession, or control of the Lt. Hobart video, plaintiff's motion to compel production of this video is granted.  Within seven days of the date of this order, defendants must file with the court either (1) a declaration confirming that defendants have provided plaintiff with access to the Lt. Hobart video; (2) a declaration explaining why defendants are unable to obtain a copy of the video, despite their relationship with CDCR; or (3) a declaration describing their diligent search for the video and declaring that they do not have possession, custody, or control of the video.

### C. Incident Report

In addition to the two DVDs, plaintiff also appears to seek production of Lt. Hobart's incident report regarding plaintiff's excessive use of force claim.  See ECF No. 42 at 1-2. Defendants do not address plaintiff's request for this report in their opposition to plaintiff's motion.

Plaintiff is reminded that as the moving party, he bears the burden of informing the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  See Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3.

Here, plaintiff states in his motion: "I want a copy of DVD did on 10-10-12 use force and copy of Lt. Hobart interview with me as well I've asked for *copy of report* and video interview and [defense counsel's] response has been to ignore my motions asking for these items."  ECF

8

1  No. 42 at 2 (emphasis added).  Plaintiff goes on to request that the court "compel attorney general

2  to release . . . copy of Lt. Hobart video interview . . . and *his report* his did that tells what I said

3  happened and shown on video."  Id. (emphasis added).  Although plaintiff states that he

4  "requested these items" from defendants, he does not reproduce the text of the production

5  requests he served on defendants.

6        The court's review of the record indicates that defendants received the following

7  production request from plaintiff, dated February 27, 2015:

> **RFP No. 2:** Also excessive use of force report done by CDCR I want a copy of that which Sergeant E. Baker has access to I want them as evidence of his crime of battery and falifieding a report.
>
> **Response:** Respondent objects as the request is untimely. The December 16, 2014 Discovery and Scheduling Order allows: "[t]he parties may conduct discovery until April 17, 2015," but clarifies that "all requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than sixty days prior to that date." (CD 25, Discovery and Scheduling Order at 5).  In order for this request to be timely, the request must have been served on February 16, 2015, sixty days[.][10]

15  ECF No. 44-1 at 13.[11]

16        It is not entirely clear from plaintiff's motion whether the "Lt. Hobart report" is the same

17  as the "excessive use of force report done by CDCR" referenced in the above production request.

18  As a result, it is unclear whether plaintiff served defendants with a request for Lt. Hobart's

19  incident report before he filed the instant motion to compel.

20        In light of plaintiff's pro se status, the court will not issue a ruling with respect to Lt.

21  Hobart's report at this time.  Instead, within ten (10) days of service of this order, plaintiff is

22  directed to file a supplemental statement in support of his motion to compel production of Lt.

23  Hobart's incident report.  In his statement, plaintiff should reproduce the written production

24  request he sent to defendants.  He must inform the court how defendants responded to this

25  specific request, if they responded at all.  If defendants objected in writing to plaintiff's request,

---

[10] The remainder of defendants' response is not included in the attached exhibits.  See ECF No. 44-1 at 13.

[11] It is unclear when defendants responded to this request.

plaintiff should inform the court why the objection is not meritorious. Once plaintiff files his supplemental statement, defendants shall have seven (7) days to file a response.

### III. Plaintiff's Motion for Extension of the Discovery Deadline (ECF No. 41)

On March 26, 2015,[12] plaintiff filed a request for an extension of the April 17, 2015 discovery deadline. In his motion, plaintiff states that he needs more time to conduct discovery "because [the] attorney general has not given all [the] evidence [plaintiff] ask[ed] for" and because he needs more time to search for cases similar to his own. ECF No. 41. Defendants oppose the motion on the grounds that plaintiff has not established good cause for the requested extension of time. ECF No. 43.

As a preliminary matter, plaintiff is informed that he does not need an extension of time to conduct legal research; he may continue conducting research in preparation for any pre-trial motions even after the discovery deadline has passed. Accordingly, plaintiff's need to do additional legal research does not provide grounds for extending the discovery deadline.

Plaintiff's motion is vague as to why he needs more time to conduct discovery. Specifically, it is unclear whether plaintiff has new discovery requests he would like to serve on defendants, or if he is simply dissatisfied with defendants' responses to discovery requests that he has already served. Because plaintiff does not indicate that he has any *new* discovery requests to serve on defendants, the court does not find good cause for extending the discovery deadline at this time. Accordingly, plaintiff's motion to extend the discovery deadline is denied without prejudice to the filing of a better-supported motion.

If plaintiff chooses to file a new motion to extend the discovery deadline, he has ten (10) days to do so. At a minimum, plaintiff must explain in his motion what additional discovery he intends to serve on defendants and why he was unable, with the exercise of due diligence, to serve these requests prior to the April 17, 2015 deadline.

To the extent plaintiff seeks production of discovery he *already* requested from defendants, this dispute is properly raised in a motion to compel. Rather than extend the

---

[12] This document was filed by the clerk on April 20, 2015.

10

discovery deadline, the court will permit plaintiff to file an untimely motion to compel and will entertain the motion even though it will be filed after the April 17, 2015 deadline.  Plaintiff is reminded that in any motion to compel, he must specify what discovery requests are at issue, how defendants responded, and why their objections are unjustified.  If plaintiff chooses to file a motion to compel with respect to discovery he has already served on defendants, he must do so within twenty-one (21) days of service of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 42) is denied in part and granted in part.  The motion is denied with respect to the October 10, 2012 dvd.  With respect to the Lt. Hobart video, the motion is granted to the extent defendants' have possession, custody, or control of the video;

2. Within seven (7) days of the date of this order, defendants shall file a declaration either confirming that plaintiff has been allowed to view the Lt. Hobart video or explaining why defendants are unable to produce the video;

3. Within ten (10) days of service of this order, plaintiff shall file a supplemental statement in support of his motion to compel production of Lt. Hobart's incident report;

4. Plaintiff's motion for an extension of time to conduct discovery (ECF No. 41) is denied without prejudice;

5. Within ten (10) days of service of this order, plaintiff may file a motion to extend the discovery deadline; and

6. Within twenty-one (21) days of service of this order, plaintiff may file a motion to compel with respect to any discovery requests that he has *already* served on defendants.

DATED: May 27, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11