1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JONATHAN GRIGSBY,                              No.  2:14-cv-0789 GEB AC P

12                    Plaintiff,

13         v.                                        ORDER

14    M. MUNGUIA, et al.,

15                    Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

18    under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to

19    28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20         On March 9, 2016, the magistrate judge filed findings and recommendations herein which

21    were served on all parties and which contained notice to all parties that any objections to the

22    findings and recommendations were to be filed within fourteen days.  Defendants have filed

23    objections to the findings and recommendations.

24         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

25    court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the

26    ////

27    ////

28    ////

                                                    1

1  court finds the findings and recommendations to be supported by the record and by proper

2  analysis.[1]

3      Accordingly, IT IS HEREBY ORDERED that:

4      1. The findings and recommendations filed March 9, 2016, are adopted in full;

5      2. Defendants' motion for summary judgment (ECF No. 52) is denied; and

6      3. This case is referred back to the assigned magistrate judge for all further pretrial

7  proceedings.

8  Dated:  March 30, 2016

9

10  _____

11  GARLAND E. BURRELL, JR.
    Senior United States District Judge

12

13

14

15

16

17

18

19

20

21

22

---

[1]  To the extent defendant argues that plaintiff's excessive force claim against defendant Baker is
23  unexhausted because plaintiff named four officers in his administrative appeal but did not name
    Baker, defendant fails to address the magistrate judge's finding that prison officials became aware
24  of defendant Baker's involvement in the excessive force incident when they interviewed Baker in
    connection with plaintiff's disciplinary violation resulting from the same incident.  See ECF No.
25  66 at 19-20; Reyes v. Smith, 810 F.3d 654, 657-658 (9th Cir. 2016) (dismissing a claim for
    failure to exhaust does not serve the goals of the PLRA's exhaustion requirement where prison
26  officials have had the opportunity to address the grievance, correct their own errors, and develop
    an administrative record).  See also id. at 659 (rejecting defendants' argument that because
27  plaintiff's grievance "related on its face" only to the actions of one non-defendant doctor, the
    grievance did not exhaust plaintiff's claim relating to actions of the two defendant doctors).
28

2