1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

JONATHAN GRIGSBY,                         No.  2:14-cv-0789 GEB AC P

12

Plaintiff,

13

v.                                                   ORDER

14

M. MUNGUIA, et al.,

15

Defendants.

16
17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18   action brought pursuant to 42 U.S.C. § 1983.  The action proceeds against defendant correctional

19   officers Baker, Fairbanks/Balque,[1] Lee, Munguia, and Serrano on plaintiff's Eighth Amendment

20   excessive force claim.  In addition to documents submitted under seal by defendants for in camera

21   review, currently before this court are plaintiff's various discovery motions, motions for

22   appointment of counsel, motion to amend the complaint, motion for sanctions, writs of habeas

23   corpus ad testificandum, motion for settlement conference, and motions for report of findings and

24   court order.

25        I.        Allegations of the Complaint

26              This case proceeds on plaintiff's original complaint, ECF No. 1.  Plaintiff alleges that

27   _____

28   [1]  Defendant Balque's name has been changed to Fairbanks.  For clarity, the court refers to her as
     "Fairbanks/Balque."

1

1   defendant correctional officers Baker, Fairbanks/Balque, Lee, Munguia, and Serrano violated

2   plaintiff's rights under the Eighth Amendment by using excessive force against him on October

3   10, 2012.  Specifically, plaintiff alleges that as he was walking on crutches towards his group

4   room, Officer Munguia told plaintiff to return to his group room.  See ECF No. 1 at 4.  Plaintiff

5   turned around and said, "I'm moving as fast as I can."  Munguia then pepper sprayed plaintiff in

6   the face, blinding him.  Id.  Munguia knocked plaintiff's crutches out of his hands, told plaintiff to

7   submit to handcuffs, and placed plaintiff in a choke hold.  Defendants Serrano, Fairbanks/Balque,

8   and Lee started hitting plaintiff with iron batons until he was "black and blue" and his leg was

9   broken.  Id. at 5.  While plaintiff was lying on the ground, defendant Baker kneed plaintiff in his

10  eye for no reason.  Id. at 4.  Plaintiff was then handcuffed with his hands behind his back and

11  "hog tied," causing plaintiff extreme pain in his injured leg.  Id.  Plaintiff alleges that as a result

12  of this incident, he received a large knot on his head, was temporarily blinded by pepper spray,

13  was choked unconscious, and suffered a broken kneecap.  Id. at 4-5.

14      II.      Relevant Procedural Background

15          The discovery deadline in this case expired on April 17, 2015.  On April 14, 2015,[2]

16  plaintiff filed a motion to compel discovery, seeking production of: (1) a video of plaintiff's

17  October 10, 2012 "excessive force interview;" (2) a video of plaintiff's interview with Lieutenant

18  Hobart ("Lt. Hobart video"), conducted in November or December 2012; and (3) Lt. Hobart's

19  incident report.  ECF No. 42.  Plaintiff also requested an extension of time to conduct discovery.

20          By order dated May 28, 2015, plaintiff's motion to compel was denied in part and granted

21  in part.  ECF No. 46.  Plaintiff's request for production of the October 10, 2012 video was denied

22  as moot because defendants offered documentation that plaintiff had since been permitted to view

23  the video.  Plaintiff's request for production of the Lt. Hobart video was granted to the extent that

24  defendants were required to produce the video to plaintiff if it was in their possession, custody, or

25  control.  In light of defendants' assertion that they conducted a search for the Lt. Hobart video,

26  the court directed defendants to file a statement detailing their efforts to locate the video, in order

27

28  [2]  Since plaintiff is proceeding pro se, he is afforded the benefit of the prison mailbox rule.  See
    Houston v. Lack, 487 U.S. 266, 276 (1988).

1   to allow the court to determine if the search conducted was sufficiently diligent.[3]  As to the Lt.

2   Hobart incident report, the court declined to rule on plaintiff's motion because it was unclear

3   whether plaintiff had previously requested the incident report from defendants.  The court granted

4   plaintiff leave to file a supplemental statement in support of his motion to compel production of

5   this report.  Plaintiff was advised that in his motion, he should explain whether he previously

6   requested the report from defendants, how defendants responded, and why defendants' response

7   was unjustified.  Also in the May 28, 2015 order, the court denied plaintiff's request for an

8   extension of the discovery deadline without prejudice.  Plaintiff was granted leave to file a new

9   motion explaining what additional discovery he intended to serve on defendants and why he was

10  unable to serve the requests prior to the April 17, 2015 deadline.  To the extent plaintiff sought

11  production of discovery he already served on defendants, plaintiff was granted leave to file an

12  untimely motion to compel in lieu of extending the discovery deadline.

13          On May 17, 2015, plaintiff filed a second motion to compel, which was filed by the clerk

14  on May 26, 2015.[4]  ECF No. 45.  In that motion, plaintiff indicated that he was permitted to view

15  the October 10, 2012 video, but asserted that the video had been altered.  Id. at 1.  Plaintiff also

16  asserted that defendants did not produce the Lt. Hobart video.  Id. at 2.

17          On June 4, 2015, defendants filed their response to the court's May 28, 2015 order.  ECF

18  No. 47.  In their response, defendants indicated that they conducted a search for the Lt. Hobart

19  video and were unable to find it.  Id. at 2.  Attached to their response is a declaration describing

20  counsel's efforts to locate the video.  Id. at 4-5.

21          On June 12, 2015, defendants opposed plaintiff's second motion to compel.  ECF No. 48.

22  In their motion, defendants again assert that they could not find the Lt. Hobart video.  With

23  respect to the October 10, 2012 video, defendants asserted that plaintiff had no evidence that the

24  video has been tampered with.  Id. at 1-2.

25  ////

---

[3]  In the alternative, defendants were given the option to file a declaration confirming that plaintiff had been permitted to see the Lt. Hobart video.  ECF No. 46 at 11.

[4]  Plaintiff's second motion to compel was filed before he received the court's order addressing his first motion to compel.

On June 9, 2015, plaintiff filed a motion to extend the discovery deadline, which was docketed on June 22, 2015. ECF No. 49. Plaintiff's motion also included a "supplemental statement and motion to compel." Id. at 2. Both motions were related to plaintiff's efforts to compel production of the Lt. Hobart video and Lt. Hobart's related notes and incident report.

On June 19, 2015, plaintiff filed a reply to defendants' response to the court's May 28, 2015 order. ECF No. 50. In his reply, plaintiff again asserted that the October 10, 2012 video had been altered and that the Lt. Hobart video and incident report had been concealed from him or had been destroyed. Id. at 2-3.

On July 6, 2015, defendants opposed plaintiff's motion to extend the discovery deadline and motion to compel discovery. ECF No. 51.

On March 9, 2016, the undersigned issued findings and recommendations and an order that granted, in pertinent part, plaintiff's motion to compel production of CDCR's excessive force report related to the incident that forms the basis of plaintiff's complaint. ECF No. 66. With respect to plaintiff's allegations that the October 10, 2012 video was somehow altered, the order explained:

> As the court understands it, the October 10, 2012 video depicts plaintiff being interviewed regarding the alleged incident of excessive force that forms the basis of the instant complaint. Plaintiff believes that the October 10, 2012 video was altered or edited because he made statements about his knee injury during the interview, which are not depicted in the video. As plaintiff has personal knowledge of what he said during the interview, these allegations provide some support for his contention that the video has been altered.

Id. at 5. The order directed defendants to file a declaration with the court indicating whether the October 10, 2012 video had been altered or edited before plaintiff was permitted to view it, and to produce to plaintiff the excessive use of force report created in relation to the October 10, 2012 incident. Id. at 5, 35. The court also recommended that defendants' motion for summary judgment be denied. Id. at 35. The district judge adopted the recommendations and denied defendants' motion for summary judgment. ECF No. 69.

On March 25, 2016, defendants filed a motion for reconsideration of the portion of the March 9, 2016 order requiring production of the excessive use of force report. ECF No. 68.

4

1    Defendants requested that the district judge reject the ruling or, in the alternative, that defendants

2    be granted the opportunity to file objections.  Id. at 2.

3          Defendants served supplemental discovery responses on plaintiff on April 1, 2016.  ECF

4    No. 85 at 7-9.

5          On April 14, 2016, the district judge granted in part defendants' motion for

6    reconsideration and ordered that defendants (1) submit the excessive force report to the

7    undersigned for in camera review and (2) file and serve their objections to disclosing the report to

8    plaintiff.  ECF No. 72.

9          On April 25, 2016, defendants filed a supplemental response regarding the October 10,

10   2012 video.  ECF No. 73.  In support of their response, defendants submitted the declaration of

11   Annette L. Phillips, a legal analyst within the Correctional Writs and Appeals section of the

12   Office of the Attorney General.  Id. at Ex. 1.  Phillips declared that, in response to plaintiff's

13   discovery request, she requested a copy of the October 10, 2012 video conducted by Lt. Matthews

14   at CSP-Sacramento.  ECF No. 73, Ex. 1, ¶¶ 1, 3.  She directed that two copies of the video be

15   made; one copy was maintained in the litigation file, and the other copy was sent to the litigation

16   office at Kern Valley State Prison.  Id. at ¶ 3.  She confirmed that the October 10, 2012 video in

17   the litigation file was two minutes and forty-nine seconds in length.  Id. at ¶ 4.  The litigation

18   coordinator at Kern Valley State Prison confirmed that the October 10, 2012 video shown to

19   plaintiff had a total viewing time of two minutes and forty-nine seconds in length.  Id. at ¶ 5.  The

20   litigation coordinator at CSP-Sacramento confirmed that the October 10, 2012 recording was two

21   minutes and forty-nine seconds in length.  Id. at ¶ 6.  And, Sgt. Steele from the Investigative

22   Services Unit confirmed that the October 10, 2012 video was inventoried into the evidence locker

23   on October 10, 2012 and had a total recording time of two minutes and forty-nine seconds.  Id. at

24   ¶ 7.

25         On May 6, 2016, pursuant to the court's order (ECF No. 72), defendants responded to the

26   discovery request that was in dispute and served plaintiff an amended supplemental response to

27   plaintiff's production request, an amended privilege log indicating defendants were withholding

28   certain documents pursuant to the official information privilege, and a declaration by J. Wall, the

Use of Force Coordinator at CSP-Sacramento.  ECF Nos. 76, 81, 81-1, 81-2 at 12.  Defendants also submitted the required documents for in camera review.  See ECF No. 76.  The court has conducted an in camera review of the documents and now enters this order.

III.  In Camera Review

A.  Legal Standard

The Supreme Court has long noted that privileges are disfavored.  Jaffee v. Redmond, 518 U.S. 1, 9 (1996).  "The party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question."  Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988).  Privileges are to be "strictly construed" because they "impede full and free discovery of the truth."  Eureka Fin. Corp. v. Hartford Accident & Indem. Co., 136 F.R.D. 179, 183 (E.D. Cal. 1991).  "If the privilege is worth protecting, a litigant must be prepared to expend some time to justify the assertion of the privilege."  Id.

In civil rights cases brought under section 1983, questions of privilege are resolved by federal law.  Kerr v. United States Dist. Court for the N. Dist. of Cal., 511 F.2d 192, 197 (9th Cir. 1975), aff'd 426 U.S. 394 (1976).  "State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases."  Kelly v. City of San Jose, 114 F.R.D. 653, 655-56 (N.D. Cal. 1987).

In Kerr, the Ninth Circuit Court of Appeals examined the government's claim of the official information privilege as a basis to withhold documents sought under the Freedom of Information Act.  It explained that the "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure."  Kerr, 511 F.2d at 198 (internal citations and quotations omitted).

The Ninth Circuit has since followed Kerr in requiring a balancing of interests and in camera review in ruling on the government's claim of the official information privilege.  See, e.g., Seminara v. City of Long Beach, 68 F.3d 481 (9th Cir. 1995) (affirming Magistrate Judge order compelling disclosure and stating "[f]ederal common law recognizes a qualified privilege for official information"); Breed v. United States Dist. Court for N. Dist. of Cal., 542 F.2d 1114,

1116 (9th Cir. 1976) ("Also, as required by <u>Kerr</u>, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'").  "Government personnel files are considered official information.  To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages.  If the latter is greater, the privilege bars discovery." <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1033-34 (9th Cir. 1990), <u>as amended on denial of reh'g</u> (Feb. 27, 1991), <u>as amended on denial of reh'g</u> (May 24, 1991) (internal citations and quotations omitted).  "In the context of civil rights suits against [corrections officials], this balancing approach should be 'moderately pre-weighted in favor of disclosure.'" <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (quoting <u>Kelly</u>, 114 F.R.D. at 661, 662).

The party invoking the privilege must at the outset make a "substantial threshold showing" by way of a declaration or affidavit from a responsible official with personal knowledge of the matters attested. <u>Soto</u>, 162 F.R.D. at 613.  "The claiming official must 'have seen and considered the contents of the documents and himself have formed the view that on grounds of public interest they ought not to be produced' and state with specificity the rationale of the claimed privilege." <u>Kerr</u>, 511 F.2d at 198 (citation omitted).  The affidavit must include: (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made. <u>Soto</u>, 162 F.R.D. at 613.  In addition, "[t]he asserting party, as in any case where a privilege is claimed, must sufficiently identify the documents so as to afford the requesting party an opportunity to challenge the assertion of privilege." <u>Miller v. Panucci</u>, 141 F.R.D. 292, 300 (C.D. Cal. 1992).

      B.  <u>Analysis</u>

Defendants have withheld reports related to CDCR's internal investigation associated with

1  the underlying event in this case.  Specifically, the withheld documents include:

2  • Institutional Executive Review Committee (IERC) Critique and Qualitative Evaluation,
3    dated December 27, 2012 (Privilege Log, Item No. 1);
4  • IERC Use of Force Review and further Action Recommendation, dated December 27,
5    2012 (Privilege Log, Item No. 2);
6  • IERC Allegation Review, dated December 27, 2012 (Privilege Log, Item No. 3);
7  • Two Reports of Findings, dated October 12, 2012 and November 9, 2012 (Privilege Log,
8    Item Nos. 4, 5).
9  • Incident Commander's Review/Critique Use of Force report, dated October 16, 2012
10    (Privilege Log, Item No. 6); and
11  • Manager Review Use of Force reports for two levels of review, dated October 25, 2012
12    and October 30, 2012 (Privilege Log, Item Nos. 7, 8).

13        The Declaration of J. Wall details a number of reasons why the documents should not be

14  disclosed.  Among other reasons, Wall states that the process and findings of investigations

15  conducted by CDCR are confidential and that such confidentiality promotes truthfulness in the

16  investigation.  Wall also argues that the investigatory process the CDCR uses must be protected

17  from inmates to preserve it from potential manipulation.  Moreover, Wall asserts, the documents

18  include investigations of use-of-force incidents, which constitute "confidential documents" and

19  are protected by state law.  Finally, Wall contends that the documents contain disciplinary and

20  personnel information not related to defendants and not available to staff or inmates.  ECF No. 76

21  at 8-11.

22        Defendants may withhold any personal information that is required to protect the privacy

23  and security of correctional officers.  This decision is without prejudice to a later request by

24  plaintiff for sufficient information about the witnesses to compel their attendance at deposition or

25  trial, if necessary.  To the extent the documents discuss the investigation policies or procedures

26  that CDCR follows or used in its internal investigation, they are also privileged.  Where, however,

27  the documents discuss the underlying facts of the case, no privilege attaches and the documents

28  are discoverable.  The court finds it relevant to plaintiff's excessive force claims whether the

1    prison's investigation concluded that excessive force had been used against plaintiff during the

2    incident on October 10, 2012.[5]  Accordingly, plaintiff is entitled to documentation reflecting the

3    investigators' conclusions regarding the use of force following the investigation.[6]  In some cases,

4    the reviewed documents contain both privileged and unprivileged information and it is therefore

5    appropriate to redact the documents before production.

6          Specifically, Privilege Log No. 5 is a report completed by Lt. Matthews on October 12,

7    2012 that summarizes an interview of plaintiff that was conducted after the incident.  This

8    document consists of factual information that plaintiff provided in his interview with correctional

9    officers.  It does not appear to include information of administrative actions or investigations

10   related to post-incident conduct by non-parties.  This document should thus be produced.

11         Privilege Log Item Nos. 1, 4, and 6 contain a variety of information, including factual

12   information about the incident in question.  They also discuss, however, information and

13   investigations of post-incident conduct by non-parties that are not relevant to the claim in this

14   case.  The court thus determines that these documents may be produced in redacted form.  In

15   particular, the portions of the documents that describe only the underlying use-of-force incident

16   by defendants, and the conclusions and recommendations related thereto (i.e. whether the prison's

17   investigation concluded that excessive force had been used against plaintiff during the incident),

18   should be produced to plaintiff.  The portions of the documents that contain information related to

19   administrative actions or investigations of post-incident conduct by non-parties must be redacted.

20   In addition to these redactions, the court directs defendants to redact the following information in

21   Privilege Log Item Nos. 1 and 4:

22   ////

23

24   [5]  "Evidence is relevant if it has any tendency to make a fact more or less probable than it would
be without the evidence, and the fact is of consequence in determining the action." Fed. R. Evid.
25   401.
[6]  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's
26   claim or defense, and for good cause, the court may order discovery of any matter relevant to the
subject matter involved in the action. Fed. R. Civ. P. 26(b)(1).  Relevant information need not be
27   admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of
admissible evidence.  Id.
28

1    In Privilege Log Item No. 1 defendants are instructed to redact the name, title, and

2    signature of the CDCR employee designated as "Analyst."

3    Privilege Log Item No. 4 includes the name and CDC number of an inmate witness.

4    Defendants must redact the name, identifying information and any information that may

5    potentially identify the inmate witness, and redesignate this witness as "Inmate #1."

6    The court further notes that the two medical reports attached to Privilege Log Item No. 4

7    appear to have already been produced to plaintiff.  See ECF No. 81-1 at 46-47.  If those

8    documents have in fact previously been produced to plaintiff, defendants do not need to produce

9    those documents again.  In addition, plaintiff's handwritten statement dated November 6, 2012,

10   attached as part of Privilege Log Item No. 4, should be produced to plaintiff.

11   The court will allow defendants to withhold Privilege Log Item Nos. 2, 3, 7, and 8 in their

12   entireties.  Those documents focus largely on the administrative investigation of actions by non-

13   parties following the use-of-force incident and contain little or no unique factual information

14   describing the underlying incident.  In particular, Privilege Log Item No. 7 contains detailed

15   information about, and investigation into, post-incident actions of a non-party correctional officer

16   not related to plaintiff's Eighth Amendment excessive use of force claim.  Similarly, Privilege

17   Log Item Nos. 2, 3, and 8 contain only information related to administrative actions taken with

18   respect to non-party CDCR employees.  Such internal CDCR proceedings regarding post-incident

19   actions by non-parties are not relevant to the factual questions in this case, and any relevant

20   information is outweighed by concerns regarding revealing internal CDCR procedures.

21   Furthermore, these documents do not contain any relevant information beyond that already

22   provided to plaintiff, i.e., they reflect that defendants' use of force did not violate CDCR policy.

23   See ECF No. 81-2 at 14, 20-21.  Thus, the privilege is properly asserted with respect to these

24   documents and disclosure is not required.  See Sansone v. Thomas, No. 1:13-cv-01942 DAD EPG

25   (PC), 2016 WL 6896047, at *2-3, 2016 U.S. Dist. LEXIS 162154, at *5-6 (E.D. Cal. Nov. 22,

26   2016).

27       C.  Protective Order

28   Defendants have requested that if the court orders production of the documents, the

10

1   documents be kept at the litigation office of the institution where plaintiff is housed,

2   and plaintiff should be permitted to review the documents upon request and take notes, but not

3   allowed to take the confidential documents to his cell. <u>See</u> ECF No. 76 at 6

4        A protective order is indeed warranted given the institutional concerns articulated by

5   defendants. In light of the relatively straightforward nature of defendants' request, there is no

6   need for defendants to file a separate motion seeking a protective order. The court's Protective

7   Order shall issue, sue sponte, as follows:

8        Defendants shall produce the said material, and plaintiff may review it and use it in

9   litigating this matter subject to and strictly in accordance with following terms and conditions:

10       1.  The confidential documents may be submitted to the possession of the following

11          persons:

12            a.  The Litigation Coordinator at the institution where plaintiff is now housed;

13            b.  Counsel for plaintiff in this action, should plaintiff acquire counsel;

14            c.  Paralegal, stenographic, clerical, and secretarial personnel regularly

15              employed by counsel for plaintiff;

16            d.  Court personnel and stenographic reporters engaged in such proceedings as

17              are incidental to the preparation for trial or trial of this action;

18            e.  Any outside expert or consultant retained by plaintiff's counsel for

19              purposes of this action; and

20            f.  Non-inmate witnesses to whom the materials need be disclosed as

21              necessary for preparation for trial and trial of this case, provided that each

22              witness shall be informed of and agree in writing to be bound by the terms

23              of this order, and shall not, in any event, be permitted to take or retain

24              copies of the material.

25       2.  Plaintiff will be allowed to review the confidential materials, but he may not copy

26          them, retain them, or retain copies of them in his possession. The Litigation

27          Coordinator at plaintiff's institution shall allow plaintiff up to 90 minutes to

28          review the materials and to take notes. Plaintiff may not disclose the documents

11

to, or discuss their content with, any other inmate, nor may any other inmate review or have possession of the materials or plaintiff's notes.

3.  All material produced hereunder in possession of the Litigation Coordinator shall be destroyed or returned to defendants' counsel no later than thirty days after trial of this matter.

4.  Upon final judgment and resolution of any appeal, plaintiff or his counsel shall return or destroy all such materials still in or subject to their possession or control, and shall provide defendants' counsel with sworn declarations stating they have done so.

5.  Confidential material obtained by plaintiff or his counsel shall not be disclosed, except as is necessary to the litigation of this case or its appeal, and for no other purpose.

6.  Any confidential material filed with the court by either party shall be filed and maintained under seal.

7.  Any violation of this Protective Order may be punishable as Contempt of Court and also may subject the violating party to litigation sanctions, including dispositive sanctions, in the court's discretion;

8.  Nothing in this Protective Order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

9.  The provisions of this Protective Order are without prejudice to the right of any party:

    a.  To apply to the court for a further protective order relating to this or any confidential material or relating to discovery in this litigation;

    b.  To apply to the court for an order removing the confidential material designation from any documents;

c.  To apply to the court for an order modifying this Protective Order for good

cause shown; or

d.  To object to a discovery request.

10. The provisions of this order shall remain in full force and effect until further order

of this court.

IV.     Discovery Motions

A.  Motion Opposing Reconsideration (ECF No. 77)

Plaintiff has filed a "Motion Opposing Reconsideration" of the March 9, 2016 order,

asserting that the Office of the Attorney General lied, hid the truth, mislead, and confused him in

connection with his document requests for the excessive use reports and the video interview

conducted by Lt. Hobart.  ECF No. 77.  The motion for reconsideration of the March 9, 2016 was

ruled on and granted in part on April 14, 2016.  ECF No. 72.  Thus, plaintiff's instant motion

appears moot.

To the extent plaintiff asserts that defendants have not complied with the April 14, 2016

order (ECF No. 72) or have hid Lt. Hobart's video and report, plaintiff's assertions are

unsupported.  As set forth above, defendants have complied with the court's April 14, 2016 order

by submitting documents to the court for in camera review and filing objections to the disclosure

of those reports.  The court's review of those documents is discussed above.  Specifically, the

court has determined that Lt. Hobart's report dated November 9, 2012 (Privilege Log Item No. 4),

must be produced to plaintiff with the appropriate redactions.  Thus, plaintiff's request for this

document has been granted.

With respect to plaintiff's allegations that defendants hid the Lt. Hobart video, the

undersigned has already resolved that the Lt. Hobart video could not be located and denied

plaintiff's motion to compel that video.  ECF No. 66 at 5-6.  The court reasoned as follows:

> Defendants assert that they conducted a search for the Lt.
> Hobart video and have been unable to locate it.  ECF No. 48 at 2;
> ECF No. 47 at 2.  Counsel for defendants filed a declaration with
> the court explaining that she contacted the Litigation Coordinator at
> California State Prison-Sacramento, the Litigation Coordinator at
> the Office of Internal Affairs, and a sergeant from the Investigative
> Services Unit.  ECF No. 47 Exh. 1 at 4-5.  Counsel's search

13

revealed that one use of force video was placed in the evidence locker on October 10, 2012. Id. at 5. None of the parties contacted were able to locate a DVD of a second interview of plaintiff. Id. at 5.

While plaintiff speculates that the Lt. Hobart video has been hidden or destroyed, counsel for defendants has declared under penalty of perjury that she has been unable to locate the video despite a diligent search. The court has reviewed counsel's declaration and finds the search conducted for the Lt. Hobart video to be sufficiently diligent. Under these circumstances, the court cannot compel further production of the Lt. Hobart video from defendants. Defendants cannot be compelled to produce a video they do not have. . . .

ECF No. 66 at 5-6. The court further advised plaintiff that, even without the Lt. Hobart video, plaintiff would be able to provide his account of the October 10, 2012 events in the form of his own direct testimony should this case proceed to trial. Id. at 6.

The court cannot require defendants to produce a videotape that does not exist. Plaintiff's motion to compel a further response is therefore denied.

Plaintiff also asserts a due process violation in connection with the administrative appeals process. ECF No. 77 at 2-5. This case is proceeding on plaintiff's Eighth Amendment excessive use of force claim. Accordingly, allegations regarding violations of due process during the appeals process are not relevant. In addition, plaintiff's contentions that certain documents submitted in connection with the administrative appeals are false or fabricated are unclear and unfounded. Finally, plaintiff's assertions that correctional officers submitted false reports that resulted in his placement in administrative segregation are also irrelevant to the discovery response in this case. Plaintiff appears to be disputing the administrative disciplinary findings, which are not at issue here. Plaintiff's Motion Opposing Reconsideration (ECF No. 77) is therefore denied.

B. Motion to Compel (ECF No. 84)

Plaintiff has filed another motion to compel. ECF No. 84. This motion contains many of the same due process arguments advanced in plaintiff's Motion Opposing Reconsideration (ECF No. 77). Those arguments fail for the same reasons set forth above in Section IV(A).

////

14

1    Plaintiff also asserts that defendants did not submit the correct documents for in camera

2    review and requests that the court review Lt. Hobart's report and video and Lt. Matthew's report

3    and video.  ECF No. 84 at 2.  The court has reviewed in camera the two reports and directed

4    defendants to produce to plaintiff Lt. Hobart's report dated November 9, 2012 (Privilege Log

5    Item No. 4), with the appropriate redactions, and Lt. Matthew's report dated October 12, 2012

6    (Privilege Log Item No. 5).  Therefore, plaintiff's request to compel production of these reports is

7    now moot.  With respect to the video requests, the October 10, 2012 video has been produced to

8    plaintiff.  And, as previously resolved by this court, the second video tape could not be located.

9    Accordingly, plaintiff's motion to compel (ECF No. 84) is denied.

10         C.  Discovery Motion (ECF No. 92)

11    Plaintiff has filed a motion entitled "Discovery Event" urging the court to respond to his

12    previous motions and to conduct an in camera review.  ECF No. 92.  The undersigned has now

13    completed the in camera review, and by this order resolves plaintiff's outstanding discovery

14    motions directs defendants to produce certain documents to plaintiff.  Thus, plaintiff's motion

15    (ECF No. 92) is denied as moot.

16    V.    Motion to Amend Complaint (ECF No. 87)

17    Plaintiff seeks to amend his complaint to add a Fourteenth Amendment Due Process

18    claim.  ECF No. 87.

19    Pursuant to Rule 15, "leave to amend should be granted unless amendment would cause

20    prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."  Johnson

21    v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citing DCD Programs, Ltd. v.

22    Leighton, 833 F.2d 180, 185-87 (9th Cir. 1987).

23    As an initial matter, plaintiff has not filed a proposed amended complaint with his current

24    motion, as required by Local Rule 137(c).  As a prisoner, plaintiff's pleadings are subject to

25    evaluation by this court pursuant to the in forma pauperis statute.  See 28 U.S.C. § 1915A.

26    Because plaintiff did not submit a proposed amended complaint, the court is unable to evaluate it.

27    Furthermore, as set forth below, review of the motion shows that plaintiff's proposed amendment

28    should be denied.

1  "Late amendments to assert new theories are not reviewed favorably when the facts and

2  the theory have been known to the party seeking amendment since the inception of the cause of

3  action." In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 739 (9th Cir.

4  2013), aff'd sub nom. Oneok, Inc. v. Learjet, Inc., 135 S. Ct. 1591 (2015) (citation omitted).

5  Plaintiff's allegations in support of his proposed amended claim relate to his administrative

6  appeals and/or the handling of his disciplinary hearing, which all occurred before plaintiff filed

7  his original complaint.  ECF No. 1-2, Ex. B.  This court finds that plaintiff had knowledge of the

8  relevant facts at the inception of this action and thus has unduly delayed seeking to amend his

9  complaint.[7]

10  The court also finds that amendment at this late stage would unduly delay this litigation

11  and unfairly prejudice defendants.  The discovery deadline in this case expired on April 17, 2015,

12  and dispositive motions have been filed and resolved.   Moreover, if plaintiff files an amended

13  complaint, the court will be required to screen the amended complaint and proceed with service

14  of process and further discovery, which could take months or even years.

15  Based on the foregoing, the court does not find good cause to grant plaintiff's motion to

16  amend the complaint (ECF No. 87), and the motion shall be denied.

17  VI.  Motion for Sanctions (ECF No. 91)

18  Plaintiff has filed a "Motion Seeking Understanding and Sanctions."  ECF No. 91.

19  Rule 37 permits the district court, in its discretion, to enter a default judgment against a

20  party who fails to comply with an order compelling discovery.  Fed. R. Civ. P. 37(b)(2)(C); see

21  also Computer Task Grp., Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004).  Where drastic

22  sanctions of dismissal or default are imposed, the noncompliance must be due to willfulness,

23  fault, or bad faith.  Computer Task Grp., 364 F.3d at  1115.

24  As set forth above, defendants have filed supplement responses and submitted documents

25  for in camera review as ordered by the court.  Specifically, defendants submitted for in camera

---

26  [7]  Plaintiff has filed a federal habeas corpus action asserting claims similar to those he proposes to

27  assert in an amended complaint – that he was denied a fair hearing on November 16, 2012, and
    was not provided documentary evidence.  See Grigsby v. Mungia, No. 2:16-cv-01105 (E.D. Cal.

28  2016); ECF No. 89, Ex. 1.

1    review Lt. Matthew's report dated October 12, 2012 (Privilege Log Item No. 5) and Lt. Hobart's

2    report dated October 12, 2012 (Privilege Log Item No. 4), and this court has directed defendants

3    to produce those reports to plaintiff.  Plaintiff has not shown that defendants failed to comply with

4    the court's discovery orders.

5         Defendants also produced to plaintiff a copy of the October 10, 2012 video.  Plaintiff

6    asserts, however, that the wrong video was produced because the interview was conducted by Sgt.

7    Williams – not Lt. Matthews – and that any assertion that the interview was not conducted by Lt.

8    Matthews is a lie.  ECF 91 at 1.  Plaintiff further alleges that the interview was conducted at or

9    around 12:47 p.m. and that the interview that was produced was at 2:55 p.m.  Id.  Plaintiff is

10   mistaken: the incident at issue occurred on October 10, 2012 at or around 12:47 p.m., and at

11   approximately 1455 hours (or 2:55 p.m.), Sgt. Williams was assigned as the camera operator for

12   the October 10, 2012 interview regarding that incident.  See ECF No. 47 at 12-13.

13        Pursuant to the court's order (ECF No. 66 at 5), defendants have submitted credible

14   evidence that the October 10, 2012 video produced to plaintiff was not altered.  Specifically,

15   defendants submitted the declaration of Annette L. Phillips, a legal analyst within the

16   Correctional Writs and Appeals section of the Office of the Attorney General, who confirmed that

17   all copies of the October 10, 2012 video, including the copy plaintiff reviewed, were two minutes

18   and forty-nine seconds in length.  ECF No. 73, Ex. 1, ¶¶ 1, 3-7.  That all copies of the video were

19   the same length leads to the conclusion that none of the video copies was tampered with.

20        Furthermore, as previously resolved by this court, the second video tape could not be

21   located and defendants cannot be compelled to produce what it does not have.  ECF No. 66 at 5-6.

22   Defendants also submitted a confidential report under seal (Privilege Log Item No. 2) that

23   confirms a second video could not be located.

24        Plaintiff again asserts in his motion for sanctions that his due process rights were violated

25   and that documents have been falsified in connection with the administrative appeal process.

26   ECF No. 91 at 2.  As stated above, these arguments are not relevant to his Eighth Amendment

27   excessive use of force claim.  Therefore, the court will not consider them here.

28        Based on the foregoing, plaintiff's motion for sanctions (ECF No. 91) is denied.

17

1    VII.    Motions for Writ of Habeas Corpus Ad Testificandum (ECF Nos. 75, 80)

2           Plaintiff has also filed motions for writ of habeas corpus ad testificandum.  ECF Nos. 75,

3    80.  As plaintiff's case has not yet been set for trial, plaintiff's motions are premature.  The

4    motion is denied at this time, but plaintiff may re-file his motion should this case proceed to trial.

5    VIII.   Motions for Appointment of Counsel (ECF Nos. 71, 74, 78)

6           Plaintiff has requested appointment of counsel.  In three identical motions, plaintiff asserts

7    that appointment of counsel is warranted because he has limited legal knowledge and has been

8    denied the Lt. Hobart video and other related documents from defendants.  ECF Nos. 71, 74, 78.

9    Plaintiff asserts that the attorney general has "purposefully withheld" the Lt. Hobart video, and

10   the CDCR has either "destroyed or thrown out key evidence in [his] lawsuit."  ECF Nos. 71 at 1,

11   74 at 1, 78 at 1.  Plaintiff argues that counsel could more easily request these documents and "see

12   documents that [plaintiff] [is] not entitled to see."  ECF Nos. 71 at 3, 74 at 3, 78 at 3.

13          The United States Supreme Court has ruled that district courts lack authority to require

14   counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

15   U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

16   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

17   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

18          When determining whether "exceptional circumstances" exist, the court must consider

19   plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his

20   claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d

21   965, 970 (9th Cir. 2009).  The burden of demonstrating exceptional circumstances is on the

22   plaintiff.  Id.  Circumstances common to most prisoners do not establish exceptional

23   circumstances.

24          In the present case, the court does not find the required exceptional circumstances at this

25   time.  Plaintiff's excessive force claim is not particularly complex, and plaintiff has thus far been

26   able to articulate his claims pro se.  Indeed, the court has denied defendants' motion for summary

27   judgment and is directing defendants to produce further documents to plaintiff relevant to his

28   claim.  Plaintiff's limited legal knowledge and discovery disputes with defendants are

                                              18

1   circumstances common to most prisoners that do not warrant appointment of counsel.  Therefore,

2   plaintiff's request for appointment of counsel will be denied without prejudice.

3       IX.      Motions for Report of Findings and Court Order (ECF Nos. 94, 100)

4           Plaintiff has filed motions requesting that the court conduct an in camera review of the

5   documents submitted by defendants, that Lt. Hobart's report and video be produced, and that he

6   be allowed to amend his complaint.  ECF Nos. 94, 100.  As previously stated, defendants

7   produced Lt. Hobart's report for in camera review, and this court has reviewed the documents and

8   directed defendants to produce to plaintiff several documents, including Lt. Hobart's report with

9   appropriate redactions.  Furthermore, this court previously found that defendants do no possess a

10  second video interview with Lt. Hobart and plaintiff.  Finally, as set forth above in Section V, this

11  court denied plaintiff's motion to amend his complaint.  Accordingly, plaintiff's motions for

12  report of findings and court order are denied as moot.

13      X.       Motion for Settlement Conference (ECF No. 99)

14          Plaintiff has filed a motion for a settlement conference indicating his willingness to settle

15  the case instead of going to trial.  See ECF No. 99.  Defendants have not responded to plaintiff's

16  motion.  Defendants are ordered to file a response to plaintiff's motion for settlement conference

17  within twenty-one days of this order.

18      XI.      Conclusion

19          In accordance with the above, IT IS HEREBY ORDERED that:

20      1.   Defendants shall produce to plaintiff the documents listed above, and redacted as

21          directed, in Section III(B), within twenty-one days of this order and subject to the

22          Protective Order set forth in Section III(C).

23      2.   Plaintiff's Motion Opposing Reconsideration (ECF No. 77) is denied.

24      3.   Plaintiff's motion to compel (ECF No. 84) is denied.

25      4.   Plaintiff's discovery motion (ECF No. 92) is denied.

26      5.   Plaintiff's motion to amend the complaint (ECF No. 87) is denied.

27      6.   Plaintiff's motion for sanctions (ECF No. 91) is denied.

28  ////

7.  Plaintiff's motions for writ of habeas corpus ad testificandum (ECF Nos. 75, 80) are
    denied without prejudice to their re-filing should this case proceed to trial.

8.  Plaintiff's motions for appointment of counsel (ECF Nos. 71, 74, 78) are denied
    without prejudice.

9.  Plaintiff's motions for report of findings and court order (ECF Nos. 94, 100) are
    denied.

10. Defendants shall file a response to plaintiff's motion for settlement conference (ECF
    No. 99) within twenty-one days of this order.

DATED: February 15, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

20