UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GRIGSBY, | No. 2:14-cv-0789 GEB AC P |
| Plaintiff, | |
| v. | ORDER |
| M. MUNGUIA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. A settlement conference is scheduled before Magistrate Judge Stanley A. Boone on May 25, 2017 at 11:00 a.m. at the U. S. District Court, 2500 Tulare Street, Fresno, California 93721 in Courtroom #9. ECF No. 108.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

1

1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances at this time.  Plaintiff's excessive force claim is not particularly complex, and plaintiff has thus far been able to articulate his claims pro se.  Indeed, the court has denied defendants' motion for summary judgment and directed defendants to produce further documents to plaintiff relevant to his claim. Plaintiff's limited legal knowledge and discovery disputes with defendants are circumstances common to most prisoners that do not warrant appointment of counsel.  Therefore, plaintiff's request for appointment of counsel will be denied without prejudice to its renewal at a later stage of the proceeding (assuming this case is not resolved at the upcoming settlement conference). The court will, however, direct the Clerk's Office to send plaintiff a copy of Local Rule 270 to assist him in preparing his confidential settlement statement.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 112) is denied without prejudice.
2. The Clerk's Office shall send plaintiff a copy of Local Rule 270.

DATED: April 7, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE